USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  5/11/2026

# JAMES E. NEUMAN, P.C.

Attorney at Law
100 Lafayette Street – Suite 501
New York, New York 10013
___

TEL 212-966-5612
FAX 646-651-4559
www.jamesneuman.com
james@jamesneuman.com

May 8, 2026

Hon. Nelson S. Roman
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4150

Re: *United States v Jose Mendoza,* 19 Cr. 751 (NSR)

Your Honor:

I write, with the support of the Probation Department, to request that Jose Mendoza's term of supervised release, set to expire on February 12, 2027, be terminated early pursuant to 18 U.S.C. § 3583(e)(1).

Factual background

On October, 2020, this Court sentenced Mr. Mendoza to a term of sixty months of imprisonment and four years of supervised release, following his guilty plea to distributing narcotics in violation of 21 U.S.C. § 841(b)(1)(B).  On February 13, 2023, he commenced his term of supervised release. Since then, his conduct has been exemplorary.

During the first six months of his release, Mr. Mendoza successfully completed a drug program.  After his time at the half-way house, he moved in with his father in the Bronx, within short distance of his two children (now ages 6 and 11).  For a few months, he worked with a movie production company.  The job was full-time, but only offered sporadically (whenever a project arose).  Thereafter, he picked up some "odd jobs," such as maintenance, until obtaining his current, more-stable work as a home attendant (which he has maintained for about 1 ½ years).  Meanwhile, Mr. Mendoza has been an active father.  When work permits, he picks up both of his children from their school, spends some time with them in the afternoon, and then brings them to their mothers, with whom Mr. Mendoza maintains on good terms.

*See* Pg. 3

MEMO ENDORSED

According to the Probation Department, Mr. Mendoza's conduct while on supervision has been entirely positive.  In a recent email to counsel, the Probation Department provided the following summary:

> "On February 13, 2023, Mr. Mendoza commenced his term of supervised release in the Southern District of New York due to his residence Bronx, New York. He maintains a stable residence with his father at 1939 Grand Concourse, Apt 5K, Bronx, New York. He maintains employment at Public Partnership Home Care, located at 17 Plaza Drive, Latham, New York 12110. Over the course of supervision, Mr. Mendoza has complied with all conditions of supervision and had no instances of noncompliance. He has also satisfied his $100 special assessment.

> "Mr. Mendoza's adjustment to supervision has been favorable, as he has completed three (3) years and two (2) months of supervised release. Due to his positive adjustment to supervision, he is being supervised in our district's administrative caseload, where his reporting requirements are minimal, and he is only required to submit monthly reports online. To his credit, he has not been arrested since the offense yielding supervision. He is scheduled to complete his supervision term on February 12, 2027."

Nevertheless, AUSA Christopher Brumwell has indicated that the government opposes early termination of supervised release.

Analysis

We believe that Mr. Mendoza's conduct satisfies the standards for early termination of supervised release 18 U.S.C. § 3583(e) allows a court to terminate supervised release "at any time after the expiration of one year of supervision if, "after considering the factors set forth in § 3553(a) [subdivisions 1-6]." the court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."  Thus, new or changed circumstances is not a requirement. Rather, the paramount considerations are simply the statutory sentencing factors. *United States v Parisi,* 821 F.2d 343, 347 (2nd Cir. 2016); *United States v Trotter,* 321 F.Supp. 3d 337, 360 (E.D.N.Y. 2018).

Notably, it is not even necessary for a defendant to show "exceptionally good behavior, as one court has explained:

> "The Court need not look beyond its own docket to conclude that it
> is unnecessary for all persons under supervised release to show

exceptionally good behavior to warrant early termination.  This Court has frequently granted motions for early termination without making that determination **** In some instances, this Court is confident that, after considering the required statutory factors and the interests of justice, a person's conduct shows that he or she has been rehabilitated and is ready to assimilate into society as a good-standing citizen." *United States v Shaw,* 445 F.Supp.3d 1160, 1166 (D. Col. 2020); *see also, United States v Emmett,* 749 F.3d 817, 819 (9th Cir, 2014) (undue hardship is not required).

Accordingly, courts routinely grant applications for early termination based upon a good record of compliance, especially where supported by the Probation Department and where the defendant has already completed a large portion of supervision.  *See e.g., United States v Hutchinson, supra* (early termination granted where the defendant had five months remaining and had successfully reintegrated into society, and the application was supported by the Probation Department);  *United States v Trotter, supra* (early termination granted where the defendant had committed no new crimes, apart from habitual marijuana use); *United States v Shaw, supra* (early termination granted where the defendant had satisfied all conditions, maintained compliance, never tested positive, diligently pursued employment and positive relationships with his family); *United States v Rentas,* 573 F.Supp.2d 801 (S.D.N.Y. 2008) (early termination granted where the defendant had served over three years of his five-year term, had complied with all directives, and exhibited "exemplary law-abiding behavior").

Similarly, Mr. Mendoza has completed a large portion of his supervision, successfully completed a drug program, maintained lawful employment, and demonstrated a commitment to his family.  In short, he has done everything he could to rehabilitate himself, earning the support of the Probation Department. For these reasons, we ask that this Court grant the application for early termination of supervised release.

Respectfully submitted,

/s/

James E. Neuman

**The Court is in receipt of Defendant's letter motion, dated May 8, 2026, seeking early termination of his term of supervised release.  (ECF No. 43.)  Based upon its review of the Final Presentence Investigation Report and Defendant's prior criminal history, the Court DENIES Defendant's application without prejudice.  The Clerk of Court is respectfully directed to terminate the motion at ECF No. 43.**

**Dated: May 11, 2026**
     **White Plains, NY**

SO ORDERED:

NELSON S. ROMÁN
United States District Judge